IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 13–cv–02335–RM–KMT

UNITED FOOD AND COMMERCIAL WORKERS
 INTERNATIONAL UNION, LOCAL NO. 7,

    Plaintiff,

v.

KING SOOPERS, INC.,

    Defendant.

---

**ORDER**

---

This matter is before the court on the "Joint Motion to Stay Discovery" (Doc. No. 6, filed June 3, 2014).

**BACKGROUND**

Plaintiff filed this action on August 29, 2013, to compel arbitration pursuant to collective bargaining agreements between the parties. (*See* Doc. No. 1 [Compl.].) On September 24, 2013, Defendant filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction. (Doc. No. 5.) Defendant argues that this Court lacks subject matter jurisdiction over Plaintiff's claims because the National Labor Review Board has primary jurisdiction over the matter. The motion to dismiss is pending before District Judge Raymond P. Moore. The parties now request that all

discovery in this case should be stayed until the Court resolves whether it has subject matter jurisdiction over Plaintiff's claims. (*See* Doc. No. 16.)

## ANALYSIS

A motion to stay discovery pending determination of a dispositive motion is an appropriate exercise of this court's discretion. *Landis v. North American Co.*, 299 U.S. 248, 254–255 (1936). The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance. *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931).

The underlying principle governing whether to grant or deny a stay is that "[t]he right to proceed in court should not be denied except under the most extreme circumstances. *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983) (quoting *Klein v. Adams & Peck*, 436 F.2d 337, 339 (2d Cir.1971)). In other words, stays of the normal proceedings of a court matter should be the exception rather than the rule. As a result, stays of all discovery are generally disfavored in this District. *Chavez v. Young Am. Ins. Co.,* No. 06–cv–02419–PSF–BNB, No. 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007) (citation omitted).

Nevertheless, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE §

2040, at 198 (3d ed.2010).  Courts have routinely recognized that discovery may be inappropriate where the court's jurisdiction is at issue.  *Gilbert v. Ferry*, 401 F.3d 411, 415–16 (6th Cir. 2005) (finding stay permissible pending ruling on a dispositive motion asserting a jurisdictional issue); *Democratic Republic of Congo v. FG Hemisphere Assocs., LLC*, 508 F.3d 1062, 1064 (D.C. Cir. 2007) (noting that the reason jurisdictional defenses should be raised at the outset is to avoid unnecessary litigation).

Indeed, a lack of subject matter jurisdiction may be asserted at any time by the court either at the trial or appellate level, and that has been done on innumerable occasions at all levels of the federal judiciary.  *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).  A Rule 12(b)(1) challenge is usually among the first issues resolved by a district court because if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined by the judge.  *Id.*  As such, decisions from this District have concluded that stays are generally *favored* when a jurisdictional defense under Rule 12(b)(1) is asserted.  *See Weatherspoon v. Miller,* No. 11-cv-00312-REB-MEH, 2011 WL 1485935, at *2 (D. Colo. Apr. 19, 2011).

When considering a stay of discovery, this court has considered the following factors: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.  *String Cheese Incident*, *LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PA, 2006 WL 894955,

at *2 (D. Colo. Mar. 30, 2006) (citing *FDIC v. Renda*, No. 85–2216–O, 1987 WL 348635, at *2 (D.Kan. Aug. 6, 1987)).

The parties argue that a stay is appropriate because (1) a stay will not prejudice the Union, as the Union jointly seeks this stay; (2) proceeding with discovery on King Soopers' as-yet unasserted counterclaims – before King Soopers knows whether it will need to assert such counterclaims – would be wasteful of the parties time and resources if the Motion to Dismiss is granted; (3) it is more convenient for the Court to stay proceedings until it is clear that this case will proceed; (4) there are no non-parties with significant interests opposed to a stay; and (5) the public's only interest in this case is an efficient and just resolution, and avoiding wasteful discovery efforts serves this interest.

The court agrees with the parties that the *String Cheese* factors weigh in favor of a stay of discovery. The court also agrees that in this case, because there is a pending motion to dismiss for lack of subject matter jurisdiction, a stay of discovery is appropriate.

Accordingly, it is

**ORDERED** that the "Joint Motion to Stay Discovery" (Doc. No. 16) is **GRANTED**. All discovery and all deadlines in the Scheduling Order (Doc. No. 14) are **STAYED** pending ruling on the Motion to Dismiss. The Final Pretrial Conference set for September 19, 2014, is

**VACATED**.  The parties shall file a joint status report within ten days of a ruling on the Motion to Dismiss, if any portion of the case remains pending, to advise how they wish to proceed.

Dated this 5th day of June, 2014.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge