**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 13–cv–02335–RM-KMT

UNITED FOOD AND COMMERCIAL WORKERS
INTERNATIONAL UNION, LOCAL NO. 7,

    Plaintiff,

v.

KING SOOPERS, INC.,

    Defendant.

---

## ORDER
---

This matter is before the Court on Defendant King Soopers, Inc.'s ("King Soopers") motion to dismiss for lack of subject matter jurisdiction (ECF No. 5) Plaintiff United Food and Commercial Workers International Union, Local No. 7's ("Union" or "UFCW") Complaint (ECF No. 1).

For the reasons stated below, the Court DENIES Defendant's motion to dismiss.

**I.    LEGAL STANDARD**

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a motion to dismiss for lack of subject matter jurisdiction may be brought in two forms: "facial" or "factual." *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). A "facial attack" as to subject matter jurisdiction challenges the sufficiency of the complaint and in reviewing such a challenge, the Court must accept the allegations in the complaint as true. *Id*. A "factual attack" as to subject matter jurisdiction challenges the facts upon which subject matter jurisdiction depends and in reviewing

such a challenge, the Court has discretion to consider documents outside complaint. *Id*. at 1003. If undertaking a review of subject matter jurisdiction predicated upon a factual attack of the complaint, "a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion." *Id*.

Regardless of the type of challenge to subject matter jurisdiction, the plaintiff retains the burden of establishing subject matter jurisdiction. *Port City Props. v. Union Pacific R.R. Co.*, 518 F.3d 1186, 1189 (10th Cir. 2008) (citation omitted).

## II.    BACKGROUND

Under Section 301 of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185(a), Plaintiff brings this suit to compel arbitration pursuant to a collective bargaining agreement ("CBA") between the parties (ECF No. 1-1 at 1-124). (ECF No. 1 ¶ 1.) The parties' CBA contains a grievance-arbitration provision (referred to in the parties' CBA as a "Dispute Procedure") which culminates in arbitration. (ECF No. 1-1 at 56-57.) Step 3 of the parties' Dispute Procedure states

> If the grievance is not satisfactorily adjusted in Step 2, either party may, with reasonable promptness, but in no event later than thirty (30) days from the date of the Step 2 meeting, in writing, request arbitration and the other party shall be obligated to proceed with arbitration in the manner hereinafter provided. The parties shall forthwith attempt to agree upon an impartial arbitrator.

(ECF No. 1-1 at 56.) Plaintiff alleges that it filed four grievances and that Defendant has refused to arbitrate the unresolved grievances. (ECF No. 1 ¶¶ 7, 9, 11, 13, 16-20.)

Defendant brought this motion to dismiss arguing that the Court should dismiss the Complaint as the National Labor Relations Board ("NLRB") has primary jurisdiction over the

suit as Plaintiff's conduct arguably violated Section 8 of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 158(b).  (ECF No. 5 at 2.)

### III.   ANALYSIS

#### A.   Record to be Considered on Subject Matter Jurisdiction Challenge

Assuming Defendant's characterization of its motion to dismiss as a "factual attack" (ECF No. 5 at 3) is accurate, the Court may then consider "other documents" to resolve disputed jurisdictional facts.  *Holt*, 46 F.3d at 1003 (citing *Wheeler v. Hurdman*, 825 F.2d 257, 259 n.5 (10th Cir. 1987)); *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990) (citation omitted).  The Court construes the factual admissions within Defendant's motion to dismiss as within the "other document" language to be considered in ruling on Defendant's factual attack as it is signed by Defendant's counsel.  *See* Fed. R. Civ. P. 11(b)(3).  In Defendant's motion to dismiss, Defendant admits that the Complaint seeks to compel arbitration (ECF No. 5 at 1), that there exists a CBA between the parties (ECF No. 5 at 1), and that Defendant has refused to arbitrate the grievances (ECF No. 5 at 1).  Further, Plaintiff attached to the Complaint the parties' CBA (ECF No. 1-1 at 1-124), the grievances at issue (ECF No. 1-1 at 125-32), and Defendant's response to the request to arbitrate (ECF No. 1-1 at 137).  Defendant did not attack the veracity of any of these documents which Plaintiff's attorney submitted in support of the Complaint.

#### B.   Merits to Subject Matter Jurisdiction Challenge

Defendant argues that because Plaintiff has "arguably" violated Section 8 of the NLRA by filing this suit, the NLRB has primary jurisdiction and the Court should not interfere with the NLRB's functions.  (ECF No. 5 at 3-8.)  Defendant's argument is without merit.

The United States Supreme Court has squarely addressed the issue presented before the Court and rejected Defendant's argument. When an activity is arguably prohibited by Section 8 of the NLRA, "the preemption doctrine developed in *San Diego Building Trades Council v. Garmon*, . . . and its progeny, teaches that ordinarily 'the States as well as the federal courts must defer to the exclusive competence of the [NLRB] if the danger of state interference is to be averted.'" *William E. Arnold Co. v. Carpenters Dist. Council of Jacksonville & Vicinity*, 417 U.S. 12, 15-16 (1974) (citing *Garmon*, 359 U.S. 236, 245 (1959)). "When, however, the activity in question also constitutes a breach of a collective-bargaining agreement, the [NLRB's] authority 'is not exclusive and does not destroy the jurisdiction of the courts in suits under [Section] 301.'" *Id*. at 16 (citing *Smith v. Evening News Ass'n*, 371 U.S. 195, 197 (1962)). This exception was "fashioned because the history of [Section] 301 reveals that 'Congress deliberately chose to leave the enforcement of collective agreements 'to the usual processes of the law.'" *Id*. (citing *Charles Dowd Box. Co. v. Courtney*, 368 U.S. 502, 513 (1962)). Thus, the "*Garmon* doctrine is 'not relevant' to actions within the purview of [Section] 301, which may be brought in either state or federal courts." *Id*. (internal citations omitted).

Plaintiff alleges that Defendant has breached the CBA between the parties' by refusing to arbitrate grievances. (ECF No. 1 ¶¶ 20-22.) Plaintiff has brought suit to compel Defendant's compliance with the CBA. (ECF No. 1.) Congress, via Section 301 of the LMRA, has left it to the Court to enforce such a collective-bargaining agreement. *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 562 (1976) (holding that "[t]he strong policy favoring judicial enforcement of collective-bargaining contracts was sufficiently powerful to sustain the jurisdiction of the district courts over enforcement suits even though the conduct involved was arguably or would amount

to an unfair labor practice within the jurisdiction of the [NLRB]") (collecting cases).  And because Plaintiff's claim arises under the laws of the United States, the Court has federal-question jurisdiction pursuant to 28 U.S.C. § 1331.

### IV. CONCLUSION

Based on the foregoing, the Court DENIES Defendant's motion to dismiss (ECF No. 5).

DATED this 29th day of October, 2014.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge